Anthony C. Kaye (#8611)
Steven D. Burt (#11522)
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
kaye@ballardspahr.com
burts@ballardspahr.com

Attorneys for Defendant Nationstar Mortgage

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **JASON LUNT, an individual,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**DIRECT MORTGAGE CORPORATION; NATIONSTAR MORTGAGE; JAMES H. WOODALL, Trustee, and DOES 1-10,**<br><br>**Defendants.** | **MOTION TO DISMISS PLAINTIFF'S CLAIMS AND MEMORANDUM IN SUPPORT OF SAME**<br><br>**Case No.: 1:13-cv-00065 DB**<br><br>**Honorable Dee Benson** |

Pursuant to Fed. R. Civ. P. 12(b)(6) and DUCivR 7-1, Defendant Nationstar Mortgage ("Nationstar") hereby moves to dismiss the Amended Complaint (Dkt. No. 10) filed by Plaintiff Jason Lunt ("Plaintiff") for failure to state a claim upon which relief can be granted (the "Motion"). As more fully set forth below, Plaintiff's claims are premised on events that happened more than six years ago involving parties that are not named as defendants in this case. His claims are without merit and should be dismissed with prejudice.

## I. RELIEF SOUGHT AND GROUNDS FOR MOTION

Though Plaintiff purports to allege fifteen causes of action against Nationstar,[1] the Amended Complaint is better understood as alleging only three causes of action against Nationstar. The first through the thirteenth causes of action reflect various permutations of a claim arising under the federal Truth in Lending Act ("TILA"). (Am. Compl., ¶¶ 51–106; these allegations are sometimes referred to as the "TILA Claims"). Plaintiff's fourteenth cause of action is for quiet title. (Am. Compl. ¶¶ 107–114; the fourteenth cause of action is sometimes referred to as the "Quiet Title Claim"). Finally, Plaintiff's "Eighteenth" cause of action is for "injunctive relief." ("Am. Compl. ¶¶ 145–149; the "Eighteenth" cause of action is sometimes referred to as the "Injunctive Relief" claim). Each of Plaintiffs' claims should be dismissed with prejudice.

1. Plaintiff's TILA Claims should be dismissed because they are barred by the applicable statute of limitations.

2. Plaintiff's Quiet Title Claim should be dismissed because it is dependent on the success of his TILA Claims, which fail. To the extent any right of rescission under TILA was ever viable against Nationstar, that right is time-barred.

[1] Plaintiff alleges fourteen causes of action before skipping from the fourteenth cause of action against Nationstar (Compl., ¶¶ 107–114) to a "Seventeenth Cause of Action" against defendant James H. Woodall (Compl., ¶¶ 115–125). The Amended Complaint does not include causes of action labeled as "Fifteenth" or "Sixteenth." In all, the Amended Complaint includes sixteen causes of action, fifteen of which are alleged against Nationstar.

3. Plaintiff's Injunctive Relief claim fails because such a claim, standing alone, is not a cause of action. In any event, Plaintiff is not likely to succeed on the merits, and is not entitled to the injunctive relief he seeks.

## II. STATEMENT OF FACTS

Pursuant to Rules 12(b) and 10(c) of the Federal Rules of Civil Procedure, the following statement of facts is derived from the Complaint in this matter, documents referenced in the Complaint, and matters subject to judicial notice pursuant to Rule 201 of the Federal Rules of Evidence, and are set forth for the purposes of this Motion only.

1. Plaintiff resides at 112 Oakwood Drive, Layton, Utah (the "Property). (Am. Compl., ¶ 1.)

2. In or around the Spring or Summer of 2007, Plaintiff and his wife, Nicole Lunt (Plaintiff and Nicole Lunt are sometimes referred to as the "Lunts"), met with a family friend, Gordon O'Neill ("O'Neill") to discuss "a great new HELOC program." (Id., ¶ 7.)

3. The Lunts met with O'Neill at their house in early August 2007 to review loan documents; the Lunts signed "about half" of those documents. (Id., ¶¶ 8–9.)

4. At some point, the Lunts told O'Neill that they were not interested in the loan, but they received a call from O'Neill informing them that the loan was complete and that O'Neill had a check for them in the amount of $50,000.00 (the "Loan"). (Id., ¶¶ 15–17.)

5. At that time, Plaintiff told O'Neill that he had not signed closing documents. (Id., ¶ 18.)

6. Nevertheless, Plaintiff accepted a $50,000.00 check from O'Neill. (Id., ¶ 19.)

7. In September 2007, Aurora Loan Servicing, L.L.C. ("Aurora") contacted Plaintiff informing him that it would be servicing the Loan. (Id., ¶ 26.)

8. In October 2007, Plaintiff received a coupon book from Aurora reflecting that the Loan was "a negative amortization loan" with a payment that was different than Plaintiff expected. (Id., ¶ 27.)

9. Plaintiff contacted O'Neill, who instructed Plaintiff to continue making the minimum payment and he would "work things out." (Id., ¶¶ 28–29.)

10. In late 2007, Plaintiff contacted his financial consultant who advised the Lunts to obtain a full copy of the Loan paperwork from the title company associated with the Loan. (Id., ¶ 30.)

11. Plaintiff "immediately" contacted the title company to get copies of the Loan paperwork. (Id., ¶ 31.)

12. After reviewing the Loan paperwork, Plaintiff discovered that the Loan had attributes he was not aware of when he signed the loan documents. (Id., ¶ 34.)

13. The Lunts compared paperwork they had received from O'Neill to the Loan documents they received from the title company and discovered that certain documents had been forged, including certain disclosures. (Id., ¶ 36.)

14. Plaintiff then contacted Aurora and asked it to investigate his claims of forgery (Id., ¶ 37.)

15. Plaintiff contacted O'Neill to confront him about the situation. (Id., ¶ 38.)

16. O'Neill is not named as a defendant in this case.

17. In July 2012, Aurora sold Plaintiff's mortgage to Nationstar. (Id., ¶ 45.)

## III. ARGUMENT

As a general rule, when evaluating a Rule 12(b)(6) motion to dismiss, "the court presumes the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations." Margae, Inc. v. Clear Link Tech., 620 F. Supp. 2d 1284, 1285 (D. Utah 2009) (citing Tal v. Hogan, 453 F.3d 1244, 1252 (10th Cir. 2006), cert. denied, 549 U.S. 1209 (2007); Mitchell v. King, 537 F.2d 385, 386 (10th Cir.1976)). "Conclusory allegations are allegations that do not allege the factual basis for the claim." Id. (citing Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995); see also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). "The court is not bound by a complaint's legal conclusions, deductions and opinions couched as facts." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007)). "Further, though all reasonable inferences must be drawn in the non-moving party's favor, a complaint will only survive a motion to dismiss if it contains enough facts to state a claim to relief that is plausible on its face." Id. (citing Twombly, 550 U.S. at 563).

### B. Plaintiff's TILA Claims Fail

The Amended Complaint asserts thirteen causes of action relating to TILA disclosures. (Am. Compl., ¶¶ 52, 56–57, 61–62, 66, 70–71, 75, 80, 83, 87, 91, 95, 99, and 103–104). Each of these causes of action fails. "An action for damages under TILA must be filed 'within one year after the date of the occurrence of the violation.'" Estrada v. Aurora Loan Servs., LLC, No. 2:10-CV-1009, 2010 WL 4869093, *2 (Nov. 23, 2010), citing 15 U.S.C. § 1640(e). "The statute of limitations for TILA claims runs from the time the consumer credit transaction was consummated." Id., citing Stevens v. Rock Springs Nat'l Bank, 497 F.2d 307, 309 (10th Cir. 1974).

The Loan was consummated in Fall 2007. (Statement of Facts ("SOF"), ¶¶ 3–6.) Plaintiff's original complaint was filed on April 30, 2013. (Dkt. No. 1.) Plaintiff's TILA Claims are well outside TILA's one year statute of limitations for an action for damages. (Am. Compl., Prayer for Relief, ¶¶ 1, 7.)

Plaintiff argues that the statute of limitations under TILA should be equitably tolled because Aurora and Nationstar "have informed [Plaintiff] that they were investigating his allegations of forgery and forged documents . . . ." (Am. Compl., ¶ 111.) "Equitable tolling is an extraordinary remedy which should be extended only sparingly." Hedges v. United States, 404 F.3d 744, 751 (8th Cir. 2006), citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Equitable tolling "is only available when litigants diligently pursue their claims and demonstrate that the failure to timely file was caused by extraordinary circumstances beyond their control." Heil v. Wells Fargo Bank, N.A., 298 Fed. Appx. 703, 707 (10th Cir. 2008) (internal citations omitted). In Heil, the borrowers "were aware" of the issues on which their TILA claim was based, and still failed to bring their claims within the statute of limitations period. Id. As a result, the court upheld judgment against the borrowers on their TILA claim. Id.

Plaintiff has been aware of the deficiencies he alleges in the Amended Complaint since Fall 2007, and did not bring his claims until April 30, 2013, nearly six years later. The fact that Nationstar may be investigating Plaintiff's claims of forgery is irrelevant for two reasons. First, Nationstar obtained Plaintiff's Loan in July 2012, well after Plaintiff's TILA Claims were already time-barred. (SOF, ¶ 17.) Secondly, even if Nationstar had initiated its investigation before Plaintiff's TILA Claims were time-barred, Plaintiff would still not be entitled to equitable

tolling on those claims. One arguing equitable tolling under TILA must show that the defendants "took some active steps to mislead the borrower . . ." In re Community Bank of N. Va., 467 F. Supp. 2d 466, 479 (W.D. Pa. 2006). "Mere inaction or silence is not sufficient." Id. Plaintiff has not alleged that Nationstar took steps to "mislead him," but instead that it has informed him that it is "investigating his allegations of forgery and forged documents." (Am. Compl., ¶ 111.) Even if Nationstar had not obtained the Loan until well after Plaintiff's TILA Claims were already time-barred, nothing about the "investigation" alleged by Plaintiff would justify equitably tolling TILA's statute of limitations in this case.

Plaintiff's TILA Claims relating to rescission are also time-barred. (Am. Compl., ¶¶ 76, 79, 88, 110, 112; Prayer for Relief, ¶ 4.) "[A] borrower's right to rescind expires three years after the date of the consummation of the transaction." Estrada, 2010 WL 4869093, *3, citing 15 U.S.C. § 1635(f). "The Supreme Court has made clear that the three year limitations period contained in 15 U.S.C. § 1635(f) is not a statute of limitations, but a statute of repose, meaning that the right is extinguished after the three year period passes **and is not subject to equitable tolling**." Id., citing Beach v. Ocwen Fed. Bank, 523 U.S. 410, 419 (1998) (emphasis added). Plaintiff's TILA Claims are time-barred, and should be dismissed with prejudice.

C. Plaintiffs' Quiet Title Claim Fails

Plaintiffs' Quiet Title Claim is dependent on the viability and success of his TILA Claims. Because his TILA Claims fail, so should his Quiet Title Claim. A party seeking to quiet title "must allege title, entitlement to possession, and that the estate or interest claimed by others is adverse or hostile to the alleged claims of title or interest." Wade v. Wachovia, No. 2:10-cv-01045, 2011 WL 997198, *3 (D. Utah. March 17, 2011), citing Utah State Dept. of Social Servs

v. Santiago, 590 P.2d 335, 337–38 (Utah 1979). The "plaintiff must prevail on the strength of his own claim to title and not on the weakness of a defendant's title or even its total lack of title." Church v. Meadow Springs Ranch Corp., Inc., 659 P.2d 1045, 1048–49 (Utah 1983).

The only "claim to title" Plaintiff has alleged relates to his claim for rescission under TILA. (Am. Compl., ¶ 110–12.) Plaintiff's claim of rescission under TILA is found in the Amended Complaint itself – "[a]ccordingly, and in the alternative, [Plaintiff] exercises his rights of rescission under [TILA]" – which places it well outside TILA's statute of repose. (Id., ¶ 112.) As set forth above, Plaintiff's TILA Claims are barred, and his rescission claims are not susceptible to resurrection by way of equitable tolling. Estrada, 2010 WL 4869093, *3.

D. Plaintiff's Injunctive Relief Claim Fails

Plaintiff characterizes his "Eighteenth" cause of action as seeking "Injunctive Relief Pursuant to Rules 65(a) and (b)." (Compl., p. 21.) However, it is well-settled that "a claim for 'injunctive relief' standing alone is not a cause of action." Teaupa v. U.S. Nat. Bank, N.A., 836 F. Supp. 2d 1083, 1091 (D. Haw. 2011) (collecting cases). Moreover, in order for a plaintiff to be entitled to injunctive relief, the plaintiff must show, among other things, "a substantial likelihood of success on the merits." Cummings v. Bank of America, NA, No. 2:11-cv-272 TS, 2011 WL 1042574, *1 (D. Utah March 22, 2011). As set forth above, Plaintiff's claims should be dismissed with prejudice, and thus he is not entitled to injunctive relief. Plaintiff's "F.R.C.P. Motion for Temporary Restraining Order or Preliminary Injunction" should be denied for the same reasons. (Dkt. No. 2.)

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's TILA Claims, Quiet Title Claim and Injunctive Relief Claim fail, and should be dismissed with prejudice.

DATED this 11th day of October 2013.

/s/ Steven Burt
Anthony C. Kaye, Esq.
Steven D. Burt, Esq.
BALLARD SPAHR LLP
Attorneys for Defendant, Nationstar Mortgage