K. BRADLEY CARR - 14428
LAW OFFICES OF JAMES H. WOODALL, PLLC
Attorneys for respondent
10808 River Front Parkway, Suite 175
South Jordan, Utah 84095
Telephone: (801) 254-9450
email: bc@utahtrustee.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JASON LUNT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DIRECT MORTGAGE CORPORATION; NATIONSTAR MORTGAGE; JAMES H. WOODALL, Trusee, and DOES 1-10.<br><br>Defendant. | MOTION TO DISMISS<br><br><br>Civil No. 1:13-cv-00065<br><br><br>Judge David O. Nuffer |

Pursuant to Rule 12(b)(6) of the Utah Rules of Civil Procedure, defendant James H. Woodall moves the Court for dismissal of plaintiffs' Complaint on the grounds that it fails to state a cause of action upon which relief can be granted.

A Memorandum in Support is filed herewith.

DATED this 15 day of October 2013.

/S/ K. Bradley Carr
K. BRADLEY CARR
Counsel for James H. Woodall

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served in the manner indicated below on the 15 day of October 2013 to those indicated below:

| | |
|---|---|
| Judson T. Pitts<br>1935 East Vine Street, Suite 140<br>Holladay, Utah 84121 | [ ] U.S. Mail, postage prepaid<br>[ ] Hand-delivery<br>[ ] Facsimile<br>[ ] Email<br>[x] E-filed |
| Daniel K. Brough<br>3165 E Millrock Dr 5th Fl<br>Salt Lake City, Utah 84121 | [ ] U.S. Mail, postage prepaid<br>[ ] Hand-delivery<br>[ ] Facsimile<br>[ ] Email<br>[x] E-filed |
| Anthony C. Kaye<br>Steven D. Burt<br>201 South Main, Suite 800<br>Salt Lake City, Utah 84111 | [ ] U.S. Mail, postage prepaid<br>[ ] Hand-delivery<br>[ ] Facsimile<br>[ ] Email<br>[x] E-filed |

/S/ K. Bradley Carr

K. BRADLEY CARR - 14428
LAW OFFICES OF JAMES H. WOODALL, PLLC
Attorneys for respondent
10808 River Front Parkway, Suite 175
South Jordan, Utah 84095
Telephone: (801) 254-9450
email: bc@utahtrustee.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JASON LUNT, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>DIRECT MORTGAGE CORPORATION; NATIONSTAR MORTGAGE; JAMES H. WOODALL, Trusee, and DOES 1-10.<br><br>    Defendant. | MEMORANDUN IN SUPPORT OF MOTION TO DISMISS<br><br>Civil No. 1:13-cv-00065<br><br>Judge David O. Nuffer |

Defendant James H. Woodall ("Woodall") submits the following Memorandum in Support of his Motion to Dismiss, filed herewith:

### STANDARD OF REVIEW

Rule 12(b)(6) of the Utah Rules of Civil Procedure requires a plaintiff to allege facts which, if true, would provide adequate grounds for relief. *Tuttle v. Olds,* 155 P.3d 893 (Utah App. Court). As to Woodall, plaintiff's complaint fails to meet this standard, and must therefore be dismissed.

## STATEMENT OF FACTS

Woodall was appointed as substitute trustee by Nationstar Mortgage, LLC. Plaintiff subsequently filed this action which alleges eighteen causes of action. Only two of those causes of action are directed at Woodall, as trustee: the seventeenth cause of action entitled "Declaratory Relief: Trustee's Power of Sale Under U.C.A. 57-1-23 Suspended or Invalidated by Void Contract/Nationstar's Investigation" and the eighteenth cause of action entitled "Injunctive Relief Pursuant to Rule 65(a) and (b)." Essentially, plaintiff is requesting that Woodall be enjoined from exercising his power of sale under U.C.A. 57-1-23.

## ARGUMENT

First, although labeled as such, the substance of the two causes of action applicable to Woodall are not causes of action at all, but remedies. No allegation is made that Woodall has engaged or imminently will engage in any wrongful conduct.

Section 57-1-23 of the Utah Code makes it clear that, "at the <u>option of the beneficiary</u>, a trust deed may be foreclosed. . . ." (emphasis added). Nationstar Mortgage is the beneficiary in this case. Therefore, Woodall, without Nationstar's direction, does not have the right to foreclose on the property. If the Court imposes an injunction against Nationstar, then Nationstar cannot request that Mr. Woodall initiate foreclosure proceedings. Thus, Mr. Woodall is an unnecessary party to this action.

"An injunction should issue only where the intervention of a court of equity is essential in order effectually to protect property rights against injuries otherwise irremediable."

*Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312, (1982). Plaintiff appears to acknowledge in paragraph 123 of his Amended Complaint that Woodall is not legally authorized to foreclose on his own. An injunction against Nationstar Mortgage preventing further foreclosure proceedings would essentially divest Woodall of his authority to act as trustee. Thus, even assuming all of the facts pled are true, an injunction against Woodall is not essential to protect Plaintiff's property rights.

## CONCLUSION

Woodall requests that the Court dismiss all claims brought against him in this action.

DATED this 15 day of October 2013.

                                    */S/ K. Bradley Carr*
                                    K. BRADLEY CARR
                                    Counsel for James H. Woodall

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served in the manner indicated below on the 15 day of October 2013 to those indicated below:

| | |
|---|---|
| Judson T. Pitts<br>1935 East Vine Street, Suite 140<br>Holladay, Utah 84121 | [ ] U.S. Mail, postage prepaid<br>[ ] Hand-delivery<br>[ ] Facsimile<br>[ ] Email<br>[x] E-filed |
| Daniel K. Brough<br>3165 E Millrock Dr 5th Fl<br>Salt Lake City, Utah 84121 | [ ] U.S. Mail, postage prepaid<br>[ ] Hand-delivery<br>[ ] Facsimile<br>[ ] Email<br>[x] E-filed |
| Anthony C. Kaye<br>Steven D. Burt<br>201 South Main, Suite 800<br>Salt Lake City, Utah 84111 | [ ] U.S. Mail, postage prepaid<br>[ ] Hand-delivery<br>[ ] Facsimile<br>[ ] Email<br>[x] E-filed |

*/S/ K. Bradley Carr*