K. BRADLEY CARR - 14428
Attorney for respondent
10808 River Front Parkway, Suite 175
South Jordan, Utah 84095
Telephone: (801) 254-9450
email: bc@utahtrustee.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JASON LUNT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DIRECT MORTGAGE CORPORATION; NATIONSTAR MORTGAGE; JAMES H. WOODALL, Trusee, and DOES 1-10.<br><br>Defendant. | DEFENDANT JAMES WOODALL, TRUSTEE REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS<br><br>Civil No. 1:13-cv-00065<br><br>Judge David O. Nuffer |

Defendant James H. Woodall, Trustee ("Mr. Woodall"), by and through counsel of record and pursuant to DUCivR 7-1(b), submits this Reply Memorandum in Support of Motion to Dismiss.

Plaintiff argues that Mr. Woodall should not be dismissed from the case because, "the underlying Trust Deed could be transferred by Nationstar after injunctive relief is put into place, and that an assignee, who should be bound by the injunction, could nonetheless order and direct Woodall to foreclose . . . ." (Doc No. 44, Plaintiff's Memorandum in Opposition to Motion to Dismiss, ¶¶ 30).

Plaintiff's concern as to Mr. Woodall can be abated simply if the Court enjoins Nationstar and *its successors and assigns in interest.* Plaintiff appears to be concerned that despite such an injunction, an assignee, in violation of this Court's order, might direct Mr. Woodall to foreclose. This argument attempts to hold Mr. Woodall hostage and cause him additional, unnecessary attorney fees merely because Nationstar *might* assign its interest to a subsequent beneficiary who *might* violate this Court's order. Further, the argument assumes that Mr. Woodall would then be willing to foreclose on the property despite his statutory duty not to foreclose where the beneficiary is not permitted by law to foreclose. *See* §57-1-23, Utah Code Ann. Simply, Mr. Woodall will not and cannot foreclose while the beneficiary is subject to an injunction. Doing so would subject Mr. Woodall to substantial penalties.

**CONCLUSION**

Plaintiff fails to plead a claim against Mr. Woodall which, even if true, would provide any relief not already provided by statute.

DATED this 5 day of December 2013.

*/S/ K. Bradley Carr*
K. BRADLEY CARR
Counsel for James H. Woodall

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served in the manner indicated below on the 5 day of December 2013 to those indicated below:

| | |
|---|---|
| Judson T. Pitts<br>1935 East Vine Street, Suite 140<br>Holladay, Utah 84121 | [ ] U.S. Mail, postage prepaid<br>[ ] Hand-delivery<br>[ ] Facsimile<br>[ ] Email<br>[x] E-filed |
| Daniel K. Brough<br>3165 E Millrock Dr 5th Fl<br>Salt Lake City, Utah 84121 | [ ] U.S. Mail, postage prepaid<br>[ ] Hand-delivery<br>[ ] Facsimile<br>[ ] Email<br>[x] E-filed |
| Anthony C. Kaye<br>Steven D. Burt<br>201 South Main, Suite 800<br>Salt Lake City, Utah 84111 | [ ] U.S. Mail, postage prepaid<br>[ ] Hand-delivery<br>[ ] Facsimile<br>[ ] Email<br>[x] E-filed |

*/S/ K. Bradley Carr*