Anthony C. Kaye (#8611)
Steven D. Burt (#11522)
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
kaye@ballardspahr.com
burts@ballardspahr.com

Attorneys for Defendant Nationstar Mortgage

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JASON LUNT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DIRECT MORTGAGE CORPORATION; NATIONSTAR MORTGAGE; JAMES H. WOODALL, Trustee, and DOES 1-10,<br><br>Defendants. | **REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**<br><br>Case No.: 1:13-cv-00065 DB<br><br>Honorable Dee Benson |

Defendant Nationstar Mortgage ("Nationstar") hereby submits this reply memorandum of law in support of its motion to dismiss. In his opposition (Dkt. No. 44), Plaintiff responds not only to Nationstar's motion to dismiss (Dkt. No. 39), but also to motions to dismiss filed by codefendants James H. Woodall (Dkt. No. 40) and Direct Mortgage, Corp. (Dkt. No. 43). Nationstar will address Plaintiff's arguments only as they relate to Nationstar's motion.

I.  ARGUMENT

Plaintiff tells a different story in his opposition than in his Amended Complaint. He leaves out important facts and attempts to recast the nature of his causes of action, expanding upon vague allegations in an effort to decouple his quiet title claim from his time-barred TILA Claims.[1]  Even if doing so were not an inappropriate attempt to amend the Amended Complaint,[2] these arguments would not save Plaintiff's claims.

Specifically, Plaintiff argues, without citing to authority, that his "claims of forgery and void contract, ab initio" are sufficient to support his claim for quiet title. (Opp'n, p. 6.)  These allegations do not support a claim for quiet title because the alleged forgeries consist of TILA and RESPA disclosures and not the deed of trust or other loan documents.  Plaintiff also argues that TILA's statute of limitations should be equitably tolled because Nationstar is investigating Plaintiff's claims of forgery and has not completed its investigation.  (Opp'n, p. 10.)  Plaintiff overlooks the fact that any claims he may have had under TILA expired long before his loan was assigned to Nationstar, and he fails to explain why none of the parties he accuses of wrongdoing are named as defendants in this case. In any event, Plaintiff's allegations, if taken as true, do not support equitably tolling TILA's statute of limitations.

---

[1]  Capitalized terms not otherwise defined here are intended to have the meaning given them in the Motion.

[2]  "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984). See also Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir. 1995) ("It is well-established . . . that in determining whether to grant a motion to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint."); Skipprint, LLC v. Rastar, Inc., No. 2:13-cv-39, 2013 WL 4430873, *3 (D. Utah Aug. 16, 2013) (same, citing Car Carriers and Jojola).

A. <u>Plaintiff's Allegations of Forgery Do Not Save His Quiet Title Claim</u>

Plaintiff argues that his "claims of forgery and void contract, ab initio" are sufficient to save his quiet title claim,[3] and that he "has incorporated each and every allegation of forgery set forth earlier in the [Amended] Complaint as incorporated into" that claim. (Opp'n, pp. 6–7.)

In the Affidavit of Jason Lunt ("Lunt Affidavit"), attached as Exhibit 1 to Plaintiff's motion for temporary restraining order (Dkt. No. 2), Plaintiff identifies "the following documents as forgeries: Itemization of Amount Financed; HUD 1 closing statement; Estimation of Fees and Costs; and the entire section entitled special closing instructions/attention to closing agents, which contained documents about APR, Truth-in-Lending, etc." (Lunt Aff., ¶ 36; <u>see also</u> Am. Compl., ¶ 36.) Plaintiff appears to concede in the Amended Complaint that he executed the balance of his loan documents, which include the Trust Deed and underlying loan agreement. (Am. Compl. ¶¶ 8–9.[4]) Plaintiff cites no authority to suggest that proving his claims of forged disclosure documents would entitle him to "removal of [Nationstar's] Trust Deed that is encumbering title to the Lunt's Primary Residence." (<u>Id.</u>, ¶ 114.)

---

[3] To the extent Plaintiff's arguments may be interpreted as alleging that the loan was induced by fraud, his quiet title claim would still fail. An agreement induced by fraud "is merely voidable, not void. The person defrauded may affirm the contract and sue for damages, or he may rescind the contract, provided that the rights of third persons have not intervened. Until disaffirmed, the contract is valid." <u>In re Universal Clearing House Co.</u>, 60 B.R. 985, 996 (D. Utah 1986) (internal citations omitted). Nationstar was assigned the loan nearly five years after closing, during which time Plaintiff took no action to sue for damages or disaffirm the loan.

[4] Plaintiff alleges that "the Lunts signed about half" of the loan documents. (Am. Compl., ¶ 9.) Shortly after signing the documents, Plaintiff accepted a $50,000.00 check in connection with the loan. (<u>Id.</u>, ¶¶ 17, 19.)

To the extent Plaintiff's claims of forgery give him any right to civil relief, his remedy would be under TILA or RESPA against parties not named as defendants. Plaintiff alleges that "Defendants took a trust-deed against Lunt's Primary Residence, as part of their loan to them, and failed to issue the proper consumer protections under the Truth-in-Lending Act to [them] as part of the transaction." (Am. Compl., ¶ 108.) The allegedly forged documents concern TILA and RESPA disclosures, not the actual loan agreement or Trust Deed, so Plaintiff's forgery allegations are simply another permutation of his time-barred TILA Claims.[5]

Plaintiff's failure to allege that the Trust Deed is forged in connection with his quiet title claim is fatal for a second reason. As Judge Sam succinctly observed, a validly executed deed of trust does not give rise to a quiet title claim:

> Hence, since the facts have established that [plaintiff] executed the First Trust Deed, that it was notarized and recorded, and that it has not been reconveyed or satisfied, there is no basis for [plaintiff] to claim that the First Trust Deed is not a valid encumbrance against her title and she therefore cannot make out a claim for quiet title.

Nielsen v. Aegis Wholesale Corp., No. 2:10-cv-606, 2011 WL 1675178, at *3 (D. Utah May 4, 2011); see also Domingo v. Direct Mortg. Corp., No. 2:11-cv-464, 2011 WL 4403968, at *3 (D. Utah Sept. 21, 2011) (dismissing quiet title claim because "[p]laintiff . . .[did] not allege that the Deed of Trust was not validly executed or that she is not in default under the note"). Our case is

---

[5] To the extent Plaintiff is suggesting that he has alleged an independent claim for forgery which supports his cause of action for quiet title, that claim fails. Forgery is a crime "and therefore do[es] not give rise to civil causes of action." Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002). Utah courts will generally not create a private right of action "[w]hen a statute makes certain acts unlawful and provides criminal penalties for such acts, but does not specifically provide for a private right of action." Youren v. Tintic School Dist., 2004 UT App 33, ¶ 4, 86 P.3d 771. In Utah, the crime of forgery is set forth in Utah Code Ann. § 76-6-501. Section 76-6-501 does not provide for a private right of action for forgery.

no different.  Plaintiff does not allege that the Trust Deed was not validly executed or that he is not in default under the note.  Thus, his claim for quiet title fails.

      B.     <u>TILA's Statute of Limitations Should Not Be Equitably Tolled</u>

As a preliminary matter, Plaintiff cites <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410 (1998) and appears to concede that his claim for rescission under TILA is time-barred.  (Opp'n, p. 12.)  It is well established under 15 U.S.C. § 1635(f) that "a borrower's right to rescind expires three years after the date of the consummation of the transaction."  <u>Estrada v. Aurora Loan Servs., LLC</u>, No. 2:10-CV-1009, 2010 WL 4869093, at *3 (D. Utah Nov. 23, 2010).  The Supreme Court has made clear that "15 U.S.C. § 1635(f) is not a statute of limitations, but a statute of repose, meaning that the right is extinguished after the three-year period passes **and is not subject to equitable tolling**."  <u>Id.</u>, <u>citing</u> <u>Beach</u>, 523 U.S. at 419.  Plaintiff's TILA Claims relating to rescission are time-barred.

Plaintiff's TILA Claims for damages are also time-barred.  Plaintiff cites <u>Celimar Solar v. Millenium Fin., Inc.</u>, No. CIV.A. 01-CV-4327, 2002 WL 1019047 (E.D. Pa. May 17, 2002) "to highlight the equitable aspects involved with tolling a statute of limitations where Defendants seek to use such to hide their own wrongdoing."  (Opp'n, p. 9.)  <u>Celimar</u> explains that the Third Circuit has identified "three principal, although not exclusive, circumstances in which equitable tolling may be appropriate."  2002 WL 1019047, at *2.  The Third Circuit's position does not differ appreciably from the Tenth Circuit's, where equitable tolling "is only available when litigants diligently pursue their claims and demonstrate that the failure to timely file was caused by extraordinary circumstances beyond their control."  <u>Heil v. Wells Fargo Bank, N.A.</u>, 298 Fed. Appx. 703, 707 (10th Cir. 2008) (internal punctuation omitted).

Plaintiff focuses on the third circumstance set forth in Celimar – "where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action" – and suggests that Nationstar has deliberately delayed its investigation in an effort to "string him along" and prevent him from pursuing his rights. (Opp'n, p. 11.) "As the Tenth Circuit has made clear, however, equitable tolling is available only when a plaintiff can demonstrate that defendant's conduct somehow *prevented plaintiff from discovering and timely asserting* the alleged TILA violations." Witt v. CIT Group/Consumer Fin., Inc., No. 2:10-cv-440, 2010 WL 4609368, at *4 (D. Utah Nov. 5, 2010) (emphasis added), citing Heil, 298 Fed. Appx. at 706–07. Plaintiff fails to explain how Nationstar's investigation into the very allegations that form the basis of his claims in this case prevented him from discovering those allegations.

In Madura v. Countrywide Home Loans, Inc., No. 8:06-cv-2073, 2008 WL 2856813 (M.D. Fla. July 22, 2008) the court refused to equitably toll TILA's one-year statute of limitations where plaintiff alleged that certain disclosures had been forged. Plaintiff initiated an action "more than six years after the loan transaction" but argued the limitations period should be equitably tolled because defendants had "kept from them the forged TILA disclosure despite numerous demands." Id. at *9. However, the court explained that plaintiff's own allegations established that she notified Countrywide of the alleged alteration of the document within the one-year period, and subsequently "obtained from the title company a copy of the disputed loan documents including the allegedly forged TILA disclosure." Id.

> Despite this knowledge, it was not until July 15, 2003, that Mrs. Madura filed an amended complaint against the Defendants in state court and for the first time alleged damages for Defendants' violations of the TILA by forging their signatures and changing the terms of the loan to add a prepayment penalty before uttering it into the public record. It was not until November 6, 2006, that the balance of her assorted TILA claims were filed in this court. Contrary to her

assertions, Plaintiff does not present a factual or legal basis for an equitable tolling of the limitations period beyond November 2001 that saves her claims for damages under § 1640(a).

Id. Plaintiff similarly alleges that he obtained the loan documents from the title company, and that he notified Aurora of his allegations of forgery, in Fall 2007. (Am. Compl., ¶¶ 31–37.) Moreover, Plaintiff alleges that Aurora told him "that they could find no evidence of forgery, and the investigation was being terminated," but rather than asserting claims under TILA at that point Plaintiff "continued to make loan payments to Aurora notwithstanding his objections."[6] (Id., ¶¶ 43–44.) Plaintiff's argument for equitable tolling fails.

Finally, Plaintiff does not address the fact that Nationstar obtained his loan in July 2012, nearly five years after the loan was consummated and four years after TILA's statute of limitations had expired. (Am. Compl., ¶¶ 8–9, 45.) Plaintiff has known about the allegations in the Amended Complaint since Fall 2007. Even if it were possible that Nationstar's investigation prevented Plaintiff from discovering his TILA Claims, those claims were time-barred long before the investigation began.[7]

---

[6] The plaintiff in Madura later brought suit again, which was dismissed under *res judicata*. Madura v. BAC Home Loans Servicing, L.P., No. 8:11-cv-2511-T-33, 2013 WL 3777094 (M.D. Fla. July 17, 2013). The court commented that "even if the Maduras' forgery contentions were not barred by *res judicata*," their action of "retaining the loan proceeds and also making monthly payments for many years after discovering the alleged forgeries constitute ratification of the alleged forgeries." Id., at *14-*15.

[7] Plaintiff cites obliquely to "McMurdie v. G.O.O.D. Neighbor Lending, 2:10-cv-00427" and argues that "Judge Waddoups and Judge Kimball have both recently been faced with similar arguments and decisions in matters before them" and have reserved ruling on 12(b)(6) motions "until the conclusion of discovery." (Opp'n, p. 11.) Nationstar's review of the McMurdie matter through PACER suggests that only one 12(b)(6) motion has been filed in that case (Dkt. No. 28), and the court's order of July 12, 2011 disposing of that motion does not explain its reasoning. (Dkt. No. 49.)

## II. CONCLUSION

For the reasons set forth above and in Nationstar's opening memorandum of law, Nationstar respectfully requests that Plaintiff's TILA Claims, Quiet Title Claim and Injunctive Relief Claim be dismissed with prejudice.

DATED this 6th day of December 2013.

        /s/ Anthony C. Kaye
Anthony C. Kaye, Esq.
Steven D. Burt, Esq.
BALLARD SPAHR LLP
Attorneys for Defendant, Nationstar Mortgage