IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JASON LUNT,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, JAMES H. WOODALL, Trustee, and DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:13-cv-65-DB<br><br>Judge Dee Benson |

Before the Court are the following motions: Defendant Nationstar Mortgage (Nationstar)'s motion for summary judgment [Dkt. 112]; Plaintiff's motion to strike portions of Nationstar's memorandum in support of its motion for summary judgment [Dkt. 118]; Nationstar's Renewed Motion for Summary Judgment [Dkt. 132]; and Plaintiff's motion to strike Nationstar's renewed summary judgment motion. [Dkt. 136]. A hearing on Nationstar's original summary judgment motion and Plaintiff's first motion to strike was held on January 10, 2018. Plaintiff was represented by Judson Pitts and Defendant Nationstar was represented by Anthony Kaye and David Mooers-Putzer. At the hearing, the Court ordered the parties to prepare and submit additional briefing to address each other's arguments. The parties have now submitted

their supplemental briefing.[1] Based on the written and oral arguments of the parties and on the relevant facts and the law, the Court hereby enters the follow Memorandum Decision and Order.

## BACKGROUND

In 2007, Plaintiff spoke to his friend, Gordon O'Neill, who worked at Platinum Mortgage, about refinancing the mortgage on the home he shares with his wife, Nicole Lunt, located at 112 Oakwood Drive in Layton, Utah ("the Property"). Plaintiff had previously refinanced his home and conducted mortgage transactions on a number of occasions with O'Neill. Dkt. 58-1 ¶6. Plaintiff was desirous of receiving a cash-out of $50,000. App. Ex. A & B. On August 10, 2007, O'Neill met with Plaintiff and Nicole at their home to discuss the proposed refinance. The Lunts are co-owners as joint tenants of the Property. Ex. D, E. It is undisputed that during the meeting the Lunts executed documents including the following:

(A)  federal truth-in lending disclosure statement;

(B)  adjustable rate note;

(C)  deed of trust;

(D)  adjustable rate rider

(E)  prepayment note addendum to the note; and

(F)   prepayment rider to the deed of trust.

---

[1]While Nationstar's briefs are captioned and docketed as supporting a renewed motion for summary judgment, they address the issues presented in its original summary judgment motion and at oral argument. The Court considers the parties' briefing to be supplemental to Nationstar's original summary motion in compliance with the Court's Order at the hearing, as opposed to presenting a new motion.

Ex. B.[2]

The Lunts are named as co-borrowers on the loan documents. Ex. D at 4. The documents evidence that Direct Mortgage loaned the Lunts $320,000, $270,000 of which was used to pay off their former mortgage. Ex. D at 1. The note is secured by a trust deed encumbering the Property. Ex. E. at 1. Both Plaintiff's and Nicole's names are on the trust deed. Ex E at 1. The initial interest rate of the note was 7.750%, but the note provides that the interest rate is adjustable and "may change." Ex. D. at 1.

The following week, Plaintiff met with O'Neill, who delivered to him a $50,000 check representing the cash-out portion of the loan proceeds. Ex. B. at 21-22. Less than ten days later, Plaintiff deposited the check and the Lunts subsequently invested the money. Id.

In October 2007, the Lunts received a coupon book from Aurora Loan Servicing ("Aurora") reflecting payment terms that Plaintiff alleges were different than he and his wife expected. Ex. A. at 30-31. Plaintiff claims it was not until after they reviewed the loan paperwork in November 2007, that he and Nicole realized the loan was an adjustable rate mortgage, a negative amortization loan, and that there was a pre-payment penalty of $10,000. Ex. A. at 33-34, Ex. I at 34. Plaintiff alleges that he had been misled by O'Neill to believe the mortgage had a 30-year fixed interest rate. Dkt. 58-1 ¶11. He states that he told O'Neill at the time of the refinance discussions, that he would not agree to a pre-payment penalty. Id. at ¶13.

---

[2]The August 10, 2007 meeting was held at his home and without a notary present to accommodate Plaintiff's work schedule. Ex. G. at 10-12; Ex. L. The loan documents were notarized after the fact. Ex. G at 12. The notary did not make any alterations to the loan documents. Id. at 22-23.

The Lunts, however, continued to make the mortgage payments through 2010. Ex. A at 45-46, 65-66, Ex. I at 44. Due to their failure to make payments, foreclosure proceedings were repeatedly scheduled and postponed during 2011, 2012 and 2013. Dkt. 58-1. In July, 2012, Aurora sold the Lunts' mortgage to Nationstar. Dkt. 58-1.

On April 30, 2013, Plaintiff filed this action alleging that the refinance agreement is void and seeking to quiet title to the Property.[3] Plaintiff argues the contract is void because: (1) he mistakenly thought that the loan documents he and his wife signed were not binding; and (2) he was fraudulently induced by O'Neill to agree to the loan. Plaintiff's cause of action for quiet title is contingent on his first cause of action.

**DISCUSSION**

Nationstar contends that it is entitled to summary judgment because, among other reasons, Plaintiff's unilateral mistake and fraud theories are barred by the applicable three-year statute of limitations and therefore, the quiet title cause of action must also be dismissed. Additionally, Nationstar argues that Plaintiff's case must be dismissed because Nicole Lunt is an indispensable party.

I. The Statute of Limitations Bars Plaintiff's Claims

Plaintiff admits that he and Nicole signed the loan documents, accepted the loan proceeds and made mortgage payments for years. Nonetheless, he argues there is no binding contract

---

[3] U.S. Bank as Trustee for Lehman XS Trust Mortgage Pass-through Certificates Series 2007-20N (the "Trustee") is the current holder of the note and beneficiary of the trust deed. Ex. J. Nationstar services the loan on behalf of the Trustee. Dkt. 132 at 11.

because he thought that the loan documents were only "preliminary documents." He also alleges that O'Neill fraudulently induced him into the contract

Plaintiff argues that his action is not subject to statutes of limitations given its "defensive posture." Dkt. 116. Plaintiff seeks an order declaring the mortgage contract null and void; invalidating all encumbrances associated with the mortgage contract; and a declaratory judgment rescinding the contract between the parties.

"[A]ll actions in which the principal purpose is to obtain some affirmative relief . . . clearly come within the statute of limitations." *Bangerter v. Petty*, 225 P.3d 874 (Utah 2009). Plaintiff's claims seek the affirmative relief of a declaration that the loan is void and extinguishment of the trust deed.

In Utah, declaratory judgment claims are subject to the statute of limitations applicable to the Plaintiff's legal theory for relief. *Quick Saft-T Hitch, Inc. v. RSB Sys.*, 12 P.3d 577 (Utah 2000). Likewise, quiet title claims contingent upon the success of another claim are subject to the statute of limitations applicable to the other claim. *Bangerter,* 225 P.3d at 874. A party's theory that there was no meeting of the minds due to a lack of understanding the legal effect of signed documents is a claim for unilateral mistake. *Oliphant v. Estate of Brunetti*, 64 P.3d 587 (Utah App. 2002 ). Claims for relief "on the ground of fraud or mistake" must be brought within three years. Utah Code § 78B-2-305(3). To comply with the statute of limitations, this action must have been filed within three years of Plaintiff's knowledge of the facts giving rise to his claims. He was aware of all of the facts underlying his causes of action in 2007. This action was filed in 2013, long after the statute of limitations had run.

Plaintiff's quiet title claim is also time-barred because it is contingent on the success of his first cause of action. If a Plaintiff's claim for quiet title "can be granted only if the party succeeds on another claim, then the statute of limitations applicable to the other claim will also apply to the quiet title claim." *Bangerter*, 225 P.3d at 874. Because Plaintiff's quiet title claim was asserted more than three years after Plaintiff's first cause of action accrued, it is also barred by the statute of limitations.

## II. Nicole Lunt is an Indispensable Party

Federal Rule of Civil Procedure 19 defines an indispensable party as one without whom "the court cannot accord complete relief among existing parties" or who "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed.R.Civ.P. 19. Nicole Lunt meets all of these definitions.

It is undisputed that as a joint tenant on the Property and a co-borrower on the mortgage loan at issue in this action, Nicole Lunt has an independent interest in the Property that is equal to Plaintiff's. As co-borrowers, both Jason and Nicole Lunt are "fully and personally obligated to keep all of the promises made in [the] Note, including the promise to pay the full amount owed." Ex. D at 4. The Deed of Trust also names Nicole Lunt as a borrower. Ex. E at 1. While the Complaint alleges that Jason Lunt was mistaken and defrauded in the formation of the contract, these allegations do not address Nicole Lunt, who has not sued to invalidate the loan. She

6

equally benefitted when the prior loan was paid off and when the Lunts received $50,000 in cash. She, along with Plaintiff, made mortgage payments. The relief Plaintiff seeks with this action, to invalidate the mortgage contract and unencumber the Property, cannot be done without Nicole Lunt's involvement because the note would remain valid as to her. Both joint tenants signed the deed of trust. Her absence potentially exposes Nationstar to multiple or inconsistent obligations with respect to Plaintiff and his wife. Nicole Lunt's assent to the loan would prevent Plaintiff from voiding the entire contract. She has not sued to challenge her obligations as a co-borrower. Therefore, both the loan and the deed of trust would remain in force without her participation in this action. Her absence requires dismissal for failure to join an indispensable party.

"No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a . . . contract, all parties who may be affected by the determination are indispensable." *Jicarilla Apache Tribe v. Hodel*, 821 F.2d 537, 540 (10th Cir. 1987). See also *Enterprise Mgmt. Consultants, Inc. v. U.S. ex rel. Hodel*, 883 F.2d 890, 894 (10th Cir. 1989)(dismissal of action upheld where indispensable party could not be joined.). Here, because Nicole Lunt's interest in the Property would be affected by this action, she is an indispensable party. During the pendency of this action, no motion has been made to join Nicole Lunt as a Plaintiff. The deadline to join parties in this case passed over three years ago, on October 31, 2014. The Court finds that joining Nicole Lunt at this point would be futile because, as discussed above, the statutes of limitations have run on the causes of action asserted in this action.

## MOTIONS TO STRIKE

Plaintiff moved to strike portions of Nationstar's summary judgment brief. Specifically, he seeks an order striking paragraphs 23-26 on the basis that they are inadmissible settlement communications under Federal Rule of Evidence 408.

In 2015, the parties' counsel negotiated the potential of modifying the terms of the mortgage contract including a proposed fixed interest rate, a larger loan amount and repayment of the $50,000. While the Lunts paid the new "trial" payment for three months, they ultimately decided not to accept the terms of the proposed modification. Nationstar includes these facts in its brief in support of its summary judgment motion alleging that the Lunts ratified the original refinance contract because they agreed that all unchanged terms of the proposed modification would have stayed the same as in the original refinance contract.

The Court finds that these facts are not prohibited by Rule 408.

Plaintiff's second motion to strike seeks an order striking Nationstar's renewed motion for summary judgment. As stated above in footnote 2, the Court considered the parties' additional briefing as supplemental to Nationstar's initial summary judgment motion as ordered at the hearing, rather than presenting a new summary judgment motion. The Court grants Nationstar's original summary judgment and therefore, the renewed motion and Plaintiff's motion to strike the same are moot.

## CONCLUSION

Defendants' motion for summary judgment and motion to dismiss for failure to join an

indispensable party [Dkt. 112] are hereby GRANTED.

Plaintiff's motion to strike portions of Nationstar's brief [Dkt. 118] is hereby DENIED.

Nationstar's renewed motion for summary judgment [Dkt. 132] and Plaintiff's motion to strike the same [Dkt. 136] are denied as MOOT.

IT IS SO ORDERED.

DATED this 17th day of May, 2018.

_____
Dee Benson
United States District Judge